**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

INTELLIGENT SOLUTIONS, INC

    Plaintiff,

v.

GIROCHECK FINANCIAL, INC.,

    Defendant.
_____/

Case No. 18-11687

Honorable Nancy G. Edmunds

**ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS AND
DENYING DEFENDANT'S MOTIONS FOR SANCTIONS [9] [14]**

This matter comes before the Court on Defendant Girocheck Financial's motion to dismiss (ECF No. 9) and motion for sanctions (ECF No. 14). Defendant seeks dismissal of Plaintiff's first amended complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant asserts that all of Plaintiff's claims are barred by collateral estoppel as a result of the Court's rulings in a prior related case, and that even if collateral estoppel does not apply, Plaintiff fails to state a plausible claim for relief on each of its claims. Defendant also seeks sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11 and 11 U.S.C. § 1927 for its conduct in initiating this action. On November 14, 2018, the Court held a hearing in connection with Defendant's motions. For the reasons stated herein, the Court **GRANTS** Defendant's motion to dismiss and **DENIES** Defendant's motion for sanctions. Plaintiff's request for leave to amend its complaint is also **DENIED.**

## I. Background

This dispute is an offshoot of the Court's prior judgment in *Touch-N-Buy, LP v. Girocheck Financial, Inc.*, No. 2:15-cv-10863-NGE-RSW. The Court is already familiar with the facts underlying this dispute, which are discussed in significant detail in the Court's Findings of Fact and Conclusions of Law from that case. *See Touch-N-Buy, Ltd. P'ship v. GiroCheck Fin., Inc.*, No. 15-10863, ECF No. 74, 2018 WL 703436 (E.D. Mich. Feb. 5, 2018), modified, No. 15-10863, 2018 WL 2093949 (E.D. Mich. May 7, 2018).

In 2012, Defendant Girocheck Financial, Inc. developed a new financial product, the Check2Card. The Check2Card system presumed to transfer the value of a user's check, less fees, directly onto a debit card. Defendant hired Touch-N-Buy, LP to promote and distribute the new Check2Card System. The parties' relationship was governed by a written agreement (the "July Agreement").[1] Ultimately, Defendant stopped supporting the Check2Card System and terminated the July Agreement.

In 2015, Touch-N-Buy sued Defendant in this Court asserting claims for breach of the July Agreement, fraud, and violations of the Michigan Sales Representative Commission Act (the "MSRCA").[2] The Court granted summary judgment in favor of Defendant on Touch-N-Buy's fraud claim, finding that none of the alleged misrepresentations satisfied the elements of fraud under Michigan law. *See Touch-n-Buy, Ltd. P'ship v. Girocheck Fin., Inc.*, No. 15-10863, 2016 WL 2957930, at *4 (E.D. Mich. May 23, 2016). The Court also granted summary judgment in favor of Defendant on Touch-N-Buy's MSRCA claim. *Id.* at *5. The Court found that the sales commission

---

[1] The July Agreement and its terms are discussed extensively in the Court's Findings of Fact and Conclusion of Law.
[2] Touch-N-Buy's complaint also included a separate count for exemplary damages. Because exemplary damages are a remedy and not an independent cause of action, the Court dismissed the exemplary damages count on summary judgment.

2

provided in the July Agreement was not a "commission" as defined by the MSRCA and therefore the MSRCA did not apply. *Id.* The parties proceeded to trial on Touch-N-Buy's only remaining claim—breach of the July Agreement.

The Court held a bench trial from August 1st – 4th, 2017. At trial, Touch-N-Buy sought damages caused by Defendant's alleged breaches of the July Agreement. Touch-N-Buy not only sought damages that it actually incurred, it also sought damages allegedly incurred by its sales agent—Intelligent Solutions—Plaintiff in the present case. The owner and president of Intelligent Solutions, Joseph Toth, is the son of Touch-N-Buy's owner, Phillip Toth. At the direction of his father, Joseph Toth moved to North Carolina, formed Intelligent Solutions, and began promoting and installing the Check2Card systems. At trial, Phillip Toth testified that Intelligent Solutions is not a party to the July Agreement and had no independent agreement with Defendant. Notwithstanding, Touch-N-Buy argued that it was entitled to recoup damages for Intelligent Solutions' alleged losses because Intelligent Solutions was an intended third-party beneficiary of the July Agreement and Touch-N-Buy agreed to indemnify Intelligent Solutions for any losses it incurred in promoting the Check2Card system.

On February 05, 2018, the Court entered its Findings of Fact and Conclusions of Law. The Court found that Defendant breached the July Agreement and awarded Touch-N-Buy its reliance damages. However, the Court held that Touch-N-Buy could not recover damages allegedly incurred by Intelligent Solutions in connection with Defendant's breach of the July Agreement. The Court concluded:

> [Touch-N-Buy] may not use Defendant's breach of the July Agreement to collect damages for Intel Solutions Inc., where they are neither party to the contract nor party to this suit. Any damages associated with Intel Solutions,

Inc. and North Carolina are beyond the reach of the July Agreement, or [Touch-N-Buy's] suit for its breach, and are thus barred.

The Court specifically found that Intelligent Solutions was not a party to the July Agreement, was not a third-party beneficiary to the July Agreement, and that any damages associated with the Intelligent Solutions are beyond the scope of the July Agreement. The Court entered a final judgment consistent with its findings against Defendant in favor of Touch-N-Buy. (*See* Case No. 15-10863, ECF No. 75.) No appeal of the judgment or the Court's findings was taken by either party. And according to the parties, Defendant has satisfied the judgment.

Although the Court's ruling in the Touch-N-Buy case foreclosed Intelligent Solutions' recovery under the July Agreement, the Court left open the possibility that Intelligent Solutions could recover in its own lawsuit if it established viable independent claims for relief against Defendant. On May 30, 2018, Intelligent Solutions initiated this action against Defendant. Intelligent Solutions is represented by the same counsel that represented Touch-N-Buy.

In its first amended complaint, which is nearly identical to Touch-N-Buy's complaint, Intelligent Solutions brings claims against Defendant for breach of the July Agreement, fraud, violations of the MSRCA, and exemplary damages. In Count 1, its breach of contract claim, Intelligent Solutions alleges that it is a third-party beneficiary of the July Agreement and asserts the same contractual breaches as Touch-N-Buy.[3] In Count II, Intelligent Solutions alleges that Defendant committed fraud based on the same representations and conduct forming the basis of Touch-N-Buy's fraud claim. In Count

---

[3] Although Intelligent Solutions references the July Agreement in the body of its complaint, it does not provide a copy of the contract. Instead, Intelligent Solutions attaches a prior and superseded version of the July Agreement as Exhibit A to its complaint.

III, Intelligent Solutions asserts that Defendant violated the MSRCA by failing to pay commissions owed—the same commissions addressed in the Touch-N-Buy case. And finally, in Count IV, Intelligent Solutions asserts a separate claim for exemplary damages. Intelligent Solutions does not, however, present any new factual allegations or legal basis for recovery against Defendant.

On July 25, 2018, Defendant filed its motion to dismiss Intelligent Solutions' first amended complaint pursuant to Federal Rule of Civil and Procedure 12(b)(6). (ECF. No. 9.) Defendant contends that Intelligent Solutions' complaint should be dismissed because: (1) Intelligent Solutions is collaterally estopped from relitigating any issues addressed and resolved in the Touch-N-Buy case; and (2) even if collateral estoppel does not apply, Intelligent Solutions fails to state a plausible claim for relief on each of its claims. In addition to seeking dismissal of Intelligent Solutions' claims, Defendant seeks sanctions against Intelligent Solutions under 11 U.S.C. § 1927 and Federal Rule of Civil Procedure 11.

Intelligent Solutions responds that its claims are not barred by collateral estoppel. According to Intelligent Solutions, the Court's prior rulings, factual findings, and legal conclusions from the Touch-N-Buy case are not relevant to the present case. Alternatively, Intelligent Solutions requests leave to amend its first amended complaint. Intelligent Solutions does not, however, submit to the Court a proposed second amended complaint, nor does it identify any factual allegations it would add if leave was granted. Instead, Intelligent Solutions claims that it needs to conduct additional discovery into the relationship between itself and Defendant.

## II. Standard under Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the Court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, more is required than "a sheer possibility that a defendant has acted unlawfully." *Id.* The complaint must contain sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face. *Id.*

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." C*ommercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir.2007). "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999). Collateral estoppel is properly raised in a Rule 12(b)(6) motion to dismiss. *Scherer v. JP Morgan Chase & Co.,* 508 F. App'x 429, 434 (6th Cir. Dec.11, 2012).

### III. Analysis

### A. Collateral estoppel bars relitigation of issues raised and resolved in the Touch-N-Buy litigation

Under Michigan law, collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding. *Leahy v. Orion Twp.*, 269 Mich. App. 527, 530; 711 N.W.2d 438 (2006).[4] To be a privy, "a perfect identity of the parties is not required, only a substantial identity of interests that are adequately presented and protected by the first litigant." *Adair v. State*, 470 Mich. 105, 122; 680 N.W.2d 386 (2004). Examples of privies include a principal and agent and indemnitor and indemnitee. *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 12–13, 672 N.W.2d 351, 359 (2003). Parties having close affiliation, joint legal representation and identity of interests may also be deemed privies. *Cent. Transp., Inc. v. Four Phase Sys., Inc.*, 936 F.2d 256, 260 (6th Cir. 1991).

Here, Intelligent Solutions and Touch-N-Buy meet the definition of privies. As established at trial in the Touch-N-Buy case, their relationship was that of principal/agent and indemnitor/indemnitee. They are represented by the same exact counsel and seek nearly identical relief from the Court. And Intelligent Solutions actively participated in the Touch-N-Buy case. Indeed, Intelligent Solutions does not appear to even challenge its status as a privy to Touch-N-Buy.

---

[4] The parties submit that Michigan's law of collateral estoppel applies here. *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 F. App'x 994, 998 (6th Cir. 2009).

The Court agrees with Defendant that collateral estoppel applies to bar relitigation of any issue presented by Intelligent Solutions in this case that was decided in the Touch-N-Buy case and resulted in a final judgment.

**B. Intelligent Solutions fails to state a claim for breach of contract**

In Count I, Intelligent Solutions asserts a breach-of-contract claim as a third-party beneficiary under the July Agreement. This claim is barred by collateral estoppel. The Court previously expressly held that Intelligent Solutions is not a third-party beneficiary to July Agreement and had no right to recovery under the July Agreement. (Case No. 15-10863, ECF No. 74 at 30–31.)

Even if collateral estoppel does not apply, the Court finds that Intelligent Solutions is not a third-party beneficiary to the July Agreement as alleged in the complaint. Therefore its breach of contract claim should be dismissed.

The parties agree that Florida law governs the interpretation of the July Agreement. "It is basic Florida contract law that when a contract is designed solely for the benefit of the contracting parties, a third party cannot enforce its provisions even though the third party may derive some incidental or consequential benefit from the enforcement." *K-Mart Corp. v. St. Dept. of Transp.*, 636 So.2d 131, 133 (Fla. 2d DCA 1994). "The exception to this rule occurs when the parties to the contract clearly express their intent to create a right under the contract primarily and directly benefitting a third party." *Id.* A non-contractual party qualifies as the specifically intended beneficiary only if the contract clearly expresses an intent to primarily and directly benefit the third party or a class of persons to which that party belongs. *Aetna Cas & Sur. Co. v. Jelac Corp.*, 505 So.2d 37 (Fla. 4th DCA 1987).

Here, there is nothing in the plain language of the July Agreement that supports conferring third-party beneficiary status upon Intelligent Solutions. The July Agreement neither references Intelligent Solutions nor reflects any intent to primarily or directly benefit Intelligent Solutions. Because Plaintiff failed to plead sufficient factual allegations to establish its third-party beneficiary status under the July Agreement, it has failed to state a claim for breach of the July Agreement.

**C. Intelligent Solutions fails to state a claim for fraud**

In Count II, Intelligent Solutions asserts a fraud claim based on the same representations forming the basis of Touch-N-Buy's fraud claim. The Court already held that these same exact alleged misrepresentations do not satisfy elements of a fraud claim. *See Touch-n-Buy, Ltd. P'ship*, 2016 WL 2957930, at *4. Thus, as a threshold matter, Plaintiff's fraud claim is barred by collateral estoppel.

Moreover, even if collateral estoppel does not apply, the Court finds that Plaintiff fails to state a plausible claim for fraud. To establish fraud, Plaintiff must show that: (1) Defendant made a material representation; (2) the representation was false; (3) Defendant knew the representation was false, or made with reckless disregard as to its truth; (4) Defendant made the false representation with the intention that Plaintiff would rely on it; (5) Plaintiff relied on it; and (6) Plaintiff thereby suffered injury. *See Touch-n-Buy, Ltd. P'ship*, 2016 WL 2957930, at *4; *51382 Gratiot Ave. Holdings, LLC v. Chesterfield Dev. Co., LLC*, No. 2:11-cv-12047, 2012 WL 205843, at *3 (E.D. Mich. Jan. 24, 2012). Here, Intelligent Solutions does not identify any material misrepresentations that could form the basis of a fraud claim. Intelligent Solutions also fails to sufficiently establish its reliance on alleged misrepresentations that were made by Defendant to Touch-N-Buy—not to Intelligent Solutions. *See Novus Centuriae Reinsurance Co. v.*

*Smith & Assocs. Ins. Agency, Inc.*, No. 292161, 2010 WL 4679632, at *1 (Mich. Ct. App. Nov. 18, 2010) (citing *International Bhd. of Elec. Workers, Local Union No. 58 v. McNulty*, 214 Mich. App. 437, 543 N.W.2d 25, 30 (Mich. Ct. App. 1995)) (explaining that a misrepresentation made to a third party is generally insufficient to establish a fraud claim). *See also ABG Prime Grp., LLC v. Innovative Salon Prod., LLC*, No. 17-12280, 2018 WL 3474587, at *5 (E.D. Mich. July 19, 2018) (explaining that a party cannot maintain a fraud claim for statements made to a third party where the party cannot satisfy the reliance element of a fraud claim). Accordingly, Intelligent Solutions fails to state a claim for fraud.

### D. Intelligent Solutions fails to state a claim for violation of the MSRCA

In Count III, Intelligent Solutions asserts a claim under the MSRCA. Intelligent Solutions claims that Defendant violated the MSRCA by failing to pay sales commissions in the amount of $200 per each of the 29 merchants that Intelligent Solutions allegedly secured on Defendant's behalf. The Court previously held that there is no claim under the MSRCA for an alleged failure to pay this same $200 set-up fee because such a fee is not an amount expressed "as a percentage of the amount of orders or sales or a percentage of the dollar amount of profits." *Touch-n-Buy, Ltd. P'ship*, 2016 WL 2957930, at *5. Even if collateral estoppel does not apply, Plaintiff's complaint on its face does not establish a violation of the MSRCA. Plaintiff is not a sales representative under the MSRCA and the commission identified in the complaint does not fall under the MSRCA. *See* Mich. Comp. Laws Ann. § 600.2961(a), (d). Therefore Defendant is entitled to dismissal of this claim.

However, because Plaintiff is not a sales representative under the MSRCA, attorney's fees are not available to Defendant under this statute. Mich. Comp. Laws Ann. § 600.2961(6) ("If a **sales representative** brings a cause of action pursuant to this

section, the court shall award to the prevailing party reasonable attorney fees and court costs.") (emphasis added). Defendant's request for attorney's fees in connection with this claim is therefore denied.

### E. Exemplary Damages is not an independent cause of action

Exemplary damages are a remedy and not an independent cause of action. *Touch-n-Buy, Ltd. P'ship*, 2016 WL 2957930, at *6; *Zora v. Bank of Am.*, No. 12-10953, 2012 WL 3779169, at *3 (E.D. Mich. Aug. 31, 2012). Accordingly, Count IV fails to state a plausible claim for relief.

### IV.     Intelligent Solutions' request for leave to amend its complaint

As alternative relief, Intelligent Solutions requests through its response brief that the Court grant it leave to amend its first amended complaint. (*See* ECF No. 12.) Requesting leave to amend under Fed.R.Civ.P. 15(a) is governed by Fed.R.Civ.P. 7(b), which requires that a motion "shall state with particularity the grounds therefor ...." *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006).

Here, Intelligent Solutions neither filed a motion for leave to amend its complaint nor submitted a proposed second amended complaint for the Court's consideration. Intelligent Solutions also does not identify any potential new factual allegations or legal theories that it would include in such an amended complaint. Instead, Intelligent Solutions suggests that it needs to conduct discovery in order to investigate the relationship between itself and Defendant, and specifically, to investigate what was discussed at alleged meetings between itself and Defendant. In other words, Intelligent Solutions claims that it needs to conduct additional discovery in order to determine what Defendant said to Intelligent Solutions and whether Intelligent Solutions relied on such statements to its detriment. Intelligent Solutions' request for leave to amend is denied.

## V. Sanctions

Defendant seeks sanctions under 11 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 against Intelligent Solutions for its conduct in filing this lawsuit. Defendant principally argues that Intelligent Solutions should be sanctioned for knowingly attempting to relitigate issues previously decided by the Court in the Touch-N-Buy case. Defendant points out that Intelligent Solutions' complaint is nearly identical to Touch-N-Buy's complaint and that all of the legal and factual issues raised by Intelligent Solutions were resolved by the Court's rulings in the Touch-N-Buy case.

The decision to impose sanctions rests within the discretion of the Court. *See Mich. Division-Monument Builders of N. Am. v. Mich. Cemetary Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008). In determining whether Rule 11 sanctions are appropriate, district courts in the Sixth Circuit examine whether an "attorney's conduct was reasonable under the circumstances." *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.,* 88 F.3d 368, 372 (6th Cir. 1996).

Although the Court agrees that Intelligent Solutions and its counsel ignored several of the Court's previous orders and rulings, the Court does not agree that conduct rises to the level of bad faith, as Defendant suggests. In reaching this conclusion, the Court recognizes that its judgment in the Touch-N-Buy case did not expressly foreclose Intelligent Solutions from bringing *any* claims against Defendant. Because the Court is not convinced that sanctions are warranted, the Court exercises its discretion and denies Defendant's request for sanctions.

## VI. Conclusion

For the above-stated reasons, Defendant's motion to dismiss is GRANTED and Defendant's request for sanctions is DENIED. Defendant's request for attorney's fees

under the MSRCA is also DENIED.  Finally, Plaintiff's request for leave to amend its first amended complaint is DENIED.

**SO ORDERED.**

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated:  November 26, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 26, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager